SEYFARTH SHAW LLP
Jack L. Slobodin (SBN 34203) jslobodin@seyfarth.com
560 Mission Street, Suite 3100
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Plaintiffs
RICHARD W. BERGER and BRANT W. BERGER

UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD W. BERGER and BRANT W. BERGER<br><br>Plaintiffs,<br><br>v.<br><br>ROSSIGNOL SKI COMPANY, INC.<br><br>Defendant. | Case No. 3:05-CV-02523 CRB<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO DEFER SUMMARY JUDGMENT MOTION LOCAL RULES 6, 7, 56, F.R.C.P. 56(f)**<br><br>**NO HEARING REQUESTED**<br><br>**Date: March 31, 2006**<br>**Time: 10:00 a.m.**<br>**Judge: Charles R. Breyer**<br>**Dept.: Courtroom 8, 19th Floor** |

Plaintiff moves to put over the summary judgment motion filed by defendant Rossignol Ski Company, Inc. ("Rossignol") until after the claim construction hearing herein.

1

PLAINTIFF'S MOTION TO DEFER SUMMARY JUDGMENT MOTION
CASE NO. 3:05 CV-02523 CRB

**MEMORANDUM OF POINTS AND AUTHORITIES:**

Local Patent Rule 1-2 provides in pertinent part "if any motion filed prior to the claim construction hearing provided for in Patent L.R. 4-6 raises claim construction issues, the Court may, for good cause showing, defer the motion until after the completion of the disclosures, filings or rulings following the claim construction hearing. . . ."

Rossignol filed a motion for summary judgment on the basis of (1) equitable estoppel; (2) non-infringement and (3) invalidity.

This case is in its very early stages and plaintiff has not yet undertaken discovery.

Under the local rules, a claim construction hearing would not be held for several months. The parties have yet to exchange preliminary claim constructions, complete a joint claim construction and pre-hearing statement, complete claim construction discovery or file claim construction briefs.

Equitable estoppel requires misleading conduct by the patentee, reliance and material prejudice. There has been no discovery on these factual issues.

As this Court is aware and as defendant Rossignol has set forth in their summary judgment brief "claims typically must be construed before determining whether or not they are infringed or invalid and must be construed in the same way for both purposes." . . . ) Although it is within the Court's discretion as to when to construe the claims, the local rules have an elaborate procedure to accomplish this function. Both parties have submitted several terms for claim construction. At this point, claim construction in the context of the summary judgment hearing would have to be done without sufficient evidence regarding same before the Court. Claim construction at such an early stage in the proceedings may be premature. For example, there has been no discovery on how the accused binding operates.

In *Fake Space Labs v. Robinson*, 2000 US Dist. LEXIS 17678 (N. Dist. Cal. 2000) the Court held that motions for summary judgment for non-infringement and invalidity were premature under the Northern District's Local Patent Rules which contemplate that a Markman hearing will precede motions for summary judgment. The Court took the motions for summary judgment off calendar.

In the case of *Mc Nultey v. Taser Int'l, Inc.* 2002 US Dist. LEXIS 6810 (C. Dist. Cal. 2002) who presented with a motion for summary judgment on the issue for infringement, the Court stated that the most thorough and expeditious course of action would be a Markman claim interpretation hearing and that "because the Markman hearing may definitively resolve some of the issues currently before the Court, plaintiff's motion for summary adjudication of infringement is premature."

F.RC.P. 56(f) states that a Court "may refuse an application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just." 56(f) permits the Court to deny a motion for summary judgment if the opposing party has had insufficient time to conduct discovery. *Resolution Trust Co. v. North Bridge Assocs.*, 22 F.3d 1198, 1203 (1st Cir. 1994).

The Ninth Circuit has definitively stated that "we generally disfavor summary judgment where relevant evidence remains to be discovered." *Klingele v. Eikenberry*, 849 F.2d 409, 412 (9th Cir. 1988) reversing summary judgment because plaintiff was deprived of relevant discovery.

In this case, all of the issues set forth in Rossignol's summary judgment motion obviously involves facts which upon discovery should be conducted.

DATED: March 15, 2006

SEYFARTH SHAW LLP

By_____
Jack L. Slobodin
Attorneys for Plaintiffs
RICHARD W. BERGER AND BRANT W. BERGER

SF1 28233276.1

---

3
PLAINTIFF'S MOTION TO DEFER SUMMARY JUDGMENT MOTION
CASE NO. 3:05 CV-02523 CRB