# OLIFF & BERRIDGE, PLC

ATTORNEYS AT LAW

277 SOUTH WASHINGTON STREET
ALEXANDRIA, VIRGINIA 22314

TELEPHONE: (703) 836-6400
FACSIMILE: (703) 836-2787
E-MAIL: EMAIL@OLIFF.COM
WWW.OLIFF.COM

March 20, 2006

The Honorable Joseph C. Spero
United States Magistrate Judge
U.S. District Court for the
Northern District of California
450 Golden Gate Avenue
San Francisco, California 94102

       Re:  Berger v. Rossignol
           Civil Action No. C-05-2523 CRB (JCS)

Dear Magistrate Judge Spero:

  This letter is in response to Your Honor's March 10 Order and in reply to a voice mail message from your secretary, Mary Ann Gomez, late last Thursday. In her voice mail message, Ms. Gomez indicated that you were not inclined to release counsel from the personal meeting required by your March 10 Order, but that you would be willing to grant an extension of the March 20 due date for submitting a joint reporting letter to the Court following the personal meeting as further required by the Order. Ms. Gomez requested that counsel consult and report back to your chambers.

  The undersigned lead trial counsel for the parties conferred at some length by telephone last Thursday prior to Ms. Gomez' voice mail message. After reviewing together Rossignol's written discovery requests and Plaintiffs' responses that are the subject of Rossignol's motion to compel pending before Your Honor, Mr. Allen agreed to substantially supplement Plaintiffs' responses to the written discovery. More particularly, as set forth in more detail in the attached March 17 letter from Mr. Walker to Mr. Allen, Mr. Allen agreed that, by March 30, 2006, he would, on behalf of Plaintiffs, provide (1) supplemental responses to Rossignol's written interrogatories, (2) supplemental responses to Rossignol's production requests, and (3) a log of any documents withheld on the basis of privilege. With that agreement in hand, counsel further conferred by telephone on Friday (after Mr. Allen's letter to Your Honor) and agreed to jointly request an extension of the March 20 joint reporting letter due date to April 7. This will permit counsel for Rossignol to review the supplemental materials provided by Mr. Allen on March 30, to consider whether the issues raised by Rossignol's motion have been resolved or whether there then remain any outstanding issues between the parties to be discussed at a personal meeting, and to thereafter report to Your Honor.



**OLIFF & BERRIDGE, PLC**
ATTORNEYS AT LAW

The Honorable Joseph C. Spero
March 20, 2006
Page 2

    The parties would appreciate Your Honor's consideration of their requested extension of the March 20 joint reporting letter due date to April 7, 2006.

Respectfully submitted,

Edward P. Walker
OLIFF & BERRIDGE, PLC
Attorney for Defendant/Counterclaim Plaintiff
Rossignol Ski Company, Inc.

Douglas B. Allen
BURNETT, BURNETT, & ALLEN
Attorney for Plaintiffs/Counterclaim Defendants

Enclosure:
    March 17 letter

Dated: March 21, 2006



GRANTED
Judge Joseph C. Spero
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# OLIFF & BERRIDGE, PLC

ATTORNEYS AT LAW

277 SOUTH WASHINGTON STREET
ALEXANDRIA, VIRGINIA 22314

TELEPHONE: (703) 836-6400
FACSIMILE: (703) 836-2787
E-MAIL: EMAIL@OLIFF.COM
WWW.OLIFF.COM

March 17, 2006

Douglas B. Allen, Esq.
BURNETT, BURNETT & ALLEN
160 West Santa Clara Street, Suite 1200
San Jose, California 95113

**By E-Mail**

Re: Berger v. Rossignol Ski Co., Inc.
Civil Action No. C05-02523-CRB (N.D. Cal.)

Dear Doug:

This confirms our telephone conference yesterday afternoon regarding Plaintiffs' deficient responses to Rossignol's discovery requests, and Rossignol's pending Motion to Compel.

As an initial matter, you recognized that Plaintiffs' discovery responses fail to comply with Civil L.R. 33-1, which requires each response to set forth in full each interrogatory before the response. You indicated that, as part of Plaintiffs' supplementation (as discussed below), you would put Plaintiffs' responses in the format required by the Court's rules.

As a result of our discussion, you recognized that Plaintiffs' responses to Rossignol's Interrogatories Nos. 1, 3-6, and 8-13 require supplementation. You committed to Plaintiffs supplementing these interrogatory responses to provide full and complete responses by Thursday, March 30. In particular, you agreed to include, without limitation, the following information in your supplemental responses:

- <u>Interrogatory No. 1</u>. With respect to Rossignol products that have been analyzed by Plaintiffs, you indicated that you could provide more specific information. You also confirmed that you would identify any pertinent documents and persons with knowledge regarding Plaintiffs' response.[1] You further indicated that the only analysis of any Rossignol product by Plaintiffs was the March/April 1998 analysis performed at Fish & Richardson's Menlo Park, California office, and that no other analysis of any Rossignol product was performed prior to the filing of this lawsuit.

---

[1] With respect to all persons identified in the original and supplemental responses to interrogatories and production requests, we understand that you will provide specific contact information.



Douglas B. Allen, Esq.
March 17, 2006
Page 2

- <u>Interrogatories Nos. 3 and 4</u>. You agreed that Plaintiffs will provide more information regarding conception and reduction to practice, including, without limitation, all information not in the Patent Office file. For example, and without limitation, you agreed to provide specific dates for the alleged conception and reduction to practice, and to identify pertinent documents and persons with knowledge regarding Plaintiffs' responses.

- <u>Interrogatories Nos. 5 and 6</u>. You agreed that Plaintiffs will supplement to identify all persons involved in or knowledgeable of the prosecution of the Bergers' patent applications. You further agreed to identify pertinent documents, including those not in the Patent Office file. With respect to prior art, you agreed to provide more detail regarding when Plaintiffs became aware of particular prior art, and to identify pertinent documents (including those not in the Patent Office file) and persons with knowledge regarding Plaintiffs' response.

- <u>Interrogatories Nos. 8 and 9</u>. You agreed to provide more details regarding, for example, and without limitation, Plaintiffs' failure to respond to Rossignol's May 6, 1999 letter, and the reasons for the delay in filing suit against Rossignol until June 2005 (including Plaintiffs' failure to hire other counsel), accounting for the entire period of Plaintiffs' delay.

- <u>Interrogatory No. 10</u>. You agreed to provide more details regarding Plaintiffs' view of a person of ordinary skill in the art, for example, the number of years and types of snowboarding experience that such a person would have, the level of education, the level of such person's knowledge, etc. You also agreed to identify any pertinent documents and persons knowledgeable of the definition.

- <u>Interrogatory No. 11</u>. You agreed to provide more details regarding alleged objective evidence of nonobviousness, such as any alleged evidence of commercial success, long-felt need, etc., and any alleged nexus.

- <u>Interrogatories Nos. 12 and 13</u>. You agreed that Plaintiffs will be more specific in explaining the alleged damages they are claiming in this case, such as a reasonable royalty (including the claimed royalty base and rate). With respect to licenses, you indicated that you had withheld two licenses from production because of nondisclosure obligations. However, as we discussed, you agreed to produce those licenses, marking them for confidentiality, if necessary, pursuant to Patent L.R. 2-2 and/or the agreed-upon Protective Order in the case. You also agreed to provide further information regarding licenses and license negotiations, and to identify pertinent documents and knowledgeable persons regarding these two interrogatories.



With respect to Plaintiffs' responses to Rossignol's Interrogatories Nos. 2 and 7, Rossignol, as a compromise, agreed to accept the current responses, conditioned upon your agreement to determine whether any supplementation is necessary under Plaintiffs' continuing obligation to supplement under the civil rules, and, if so, supplement by March 30.

As to Rossignol's requests for production of documents and things, you represented that you currently believe most relevant documents and things in the possession, custody and control of Plaintiffs and yourself, with the exception of Berger Enterprises documents and two licenses, have been produced or will be accounted for on a log of privileged documents. You further represented, however, that you will check with your clients and their representatives and affiliates (including, e.g., their attorneys and licensees) as to what other responsive documents and things may exist, and will produce all additional documents and things (including, without limitation, documents previously withheld on confidentiality grounds, documents relating to conception and reduction to practice, prosecution related documents, prior art and prior art related documents, licenses and license negotiation documents, Berger Enterprises documents, etc.). You indicated that by Thursday, March 30, Plaintiffs will produce any and all other relevant documents and things and will confirm at that time that all relevant non-privileged materials have been produced.[2] We understand that you will supplement Plaintiffs' responses to Rossignol's production requests to reiterate all of the above. You further confirmed that Plaintiffs will serve a log of privileged documents withheld from production by Thursday, March 30.

We request that you forward Plaintiffs' supplemental interrogatories, supplemental responses to production requests, the additional documents and things, and the privileged document log to us by overnight mail on March 30, so that we receive these materials by March 31.

Please confirm your agreement to the above by return e-mail or facsimile over this weekend or first thing Monday, so that the above may be incorporated into a joint report to the Court on Monday, if necessary.

Very truly yours,

*Ed Walker*

Edward P. Walker

EPW:JWO/ms

---

[2] You also mentioned that Richard Berger has a storage locker with documents and bindings in it, and you offered to allow us to inspect the materials in the storage locker in the future.