United States District Court

For the Northern District of California

1

2

3

4

5

6

7

8                IN THE UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11    RICHARD W. BERGER and BRANT W.          No. C 05-02523 CRB
      BERGER,
12                                            **ORDER RE: MOTION TO DEFER**
                   Plaintiffs,                **SUMMARY JUDGMENT**
13
            v.
14
      ROSSIGNOL SKI COMPANY, INC.,
15
                   Defendants.
16    _____/

17

18          Plaintiffs Richard W. Berger and Brant W. Berger brought this suit for patent

19    infringement against defendant Rossignol Ski Company, Inc.  Defendant brought a motion

20    for summary judgment on the grounds of equitable estoppel, non-infringement, and

      invalidity.  Now before the Court is plaintiffs' motion to defer summary judgment.
21
                                    **DISCUSSION**
22
            Plaintiffs assert that summary judgment is premature because there has been
23
      insufficient discovery regarding the facts surrounding the claim of equitable estoppel, the
24
      facts necessary to construe the claims, and how the accused binding operates.  Further,
25
      plaintiffs argue that a claim construction hearing is the more appropriate setting to decide the
26
      meaning of claim terms as necessary in a summary judgment motion based on non-
27
      infringement and invalidity.  Defendant asserts that the Court, in its discretion, may decide
28
      issues of claim interpretation in the context of a summary judgment motion.  Further,

      defendant asserts that plaintiffs have not been diligent with regards to discovery and have not

1  identified any material facts that would be discovered that would preclude summary

2  judgment in favor of plaintiffs.

3  **I.      LEGAL BACKGROUND**

4          Federal Rule of Civil Procedure 56(f) provides that if a party opposing summary

5  judgment demonstrates a need for further discovery in order to obtain facts essential to justify

6  the party's opposition, the trial court may deny the motion for summary judgment or continue

7  the hearing to allow for such discovery.  <u>Margolis v. Ryan</u>, 140 F.3d 850, 853 (9th Cir.

8  1998).  In making a Rule 56(f) motion, a party opposing summary judgment "must make

9  clear what information is sought and how it would preclude summary judgment." <u>Garrett v.</u>

10 <u>City and County of San Francisco</u>, 818 F.2d 1515, 1518 (9th Cir. 1987).  The party seeking

11 further discovery must also explain its inability to presently provide the evidence it seeks to

12 discover; that is, it must show that it previously exercised due diligence in seeking the

13 evidence it now seeks a continuance to obtain.  <u>Brae Trans., Inc. V. Coopers & Lybrand</u>, 790

14 F.2d 1439, 1442-43 (9th Cir. 1986).

15 **II.     INFORMATION SOUGHT**

16         Plaintiffs have not "ma[de] clear what information is sought and how it would

17 preclude summary judgment."  <u>See</u> <u>Garrett</u>, 818 F.2d at 1518.  As to the issue of equitable

18 estoppel, plaintiffs state "[e]quitable estoppel requires misleading conduct by the patentee,

19 reliance and material prejudice.  There has been no discovery on these factual issues."

20 Plaintiffs Motion to Defer, 2.  The Court cannot know what plaintiffs seek because plaintiffs

21 merely list the elements of the claim and state that they need discovery.  Further, even if the

22 Court could discern what plaintiffs seek, plaintiffs fail to demonstrate how it would preclude

23 summary judgment.  Again all the plaintiffs do is list the elements of the claim.

24         As for non-infringement plaintiffs similarly merely state "there has been no discovery

25 on how the accused binding operates."  Again, because plaintiffs have not stated what

26 information they actually seek.  Further, plaintiffs do not even attempt to demonstrate how

27 the information they seek would preclude summary judgment.

28 //

*United States District Court*

*For the Northern District of California*

2

**United States District Court**

For the Northern District of California

### III.   DUE DILIGENCE

1

2        Plaintiffs also have not shown that they have previously exercised due diligence to

3   obtain the evidence they now seek a continuance to obtain.  Plaintiffs assert that summary

4   judgment is inappropriate because there has been no discovery regarding the facts

5   surrounding the issues of equitable estoppel, claim interpretation, infringement, and

6   invalidity.  Defendant, however, notes, and plaintiffs do not dispute, that there has been no

7   discovery because plaintiffs have not sought to take any discovery in the four months

8   following the case management conference.  Without having sought any discovery and

9   without providing any explanation for failing to seek discovery, plaintiffs have not

10  established that they have exercised due diligence.

11  ### IV.   COURT'S DISCRETION

12       Summary judgment is an appropriate context to decide the issues presented in

13  defendant's summary judgment motion.  Although there has been no claim construction

14  hearing, the court has discretion to construe claims, if needed, in the context of a summary

15  judgment motion.  <u>Markman v. Westview Instruments, Inc.</u>, 52 F.3d 967, 981 (Fed. Cir.

16  1995)(*en banc*), <u>aff'd</u> 517 U.S. 370 (1996).  Here, it appears that the technology is simple

17  and defendant bases its non-infringement contentions on plaintiffs' admissions.  Moreover, it

18  appears that plaintiffs have samples of the accused binding which would enable them to

19  defend a summary judgment motion of invalidity and infringement as plaintiffs' infringement

20  contentions included photographs of the accused binding.  Finally, although plaintiffs cite the

21  general proposition that "claim construction in the context of a summary judgment motion

22  would have to be done without sufficient evidence," plaintiffs offer no reason specific to this

23  case why claim construction in the context of a summary judgment motion would be

24  inappropriate, other than not having taken discovery.   But as noted above, they have not

25  sought to take any discovery.

26  //

27  //

28  //

**United States District Court**

For the Northern District of California

**CONCLUSION**

The Court denies plaintiffs' motion to defer summary judgment because plaintiffs have not met the requirements of Federal Rule of Civil Procedure 56(f) and the Court finds summary judgment to be an appropriate context to decide the issues presented.   Plaintiffs have not made clear what information is sought nor how such information would preclude summary judgment.  Moreover, plaintiffs have not shown that they exercised due diligence. Finally, the technology at issue is relatively simple and defendant bases its summary judgment motion on plaintiffs' admissions.  Accordingly, plaintiffs' motion to defer defendant's motion for summary judgment is denied.

In accordance with this Order, plaintiffs' opposition brief to defendant's motion for summary judgment is due Monday, March 27, 2006.  Defendant's reply brief is due Monday, April 3, 2006.  Oral argument remains scheduled for April 14, 2006 at 10:00 a.m.

**IT IS SO ORDERED.**

Dated: March 21, 2006

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE