# OLIFF & BERRIDGE, PLC

ATTORNEYS AT LAW

277 SOUTH WASHINGTON STREET
ALEXANDRIA, VIRGINIA 22314

TELEPHONE: (703) 836-6400
FACSIMILE: (703) 836-2787
E-MAIL: EMAIL@OLIFF.COM
WWW.OLIFF.COM

April 7, 2006

The Honorable Joseph C. Spero
United States Magistrate Judge
U.S. District Court for the
Northern District of California
450 Golden Gate Avenue
San Francisco, California 94102

      Re: Berger v. Rossignol
         <u>Civil Action No. C-05-2523 CRB (JCS)</u>

Dear Magistrate Judge Spero:

  This follows the parties' March 20 joint letter to Your Honor, and Your Honor's March 21 Order granting the parties' requested extension of time to today to submit a joint report regarding outstanding issues relating to Rossignol's pending Motion to Compel.

  In accordance with the parties' agreed-upon procedure, as discussed in the March 20 joint letter to the Court, Plaintiffs provided supplemental responses to Rossignol's written interrogatories and production requests by March 30 (although without the promised privilege log). Also in accordance with the parties' agreed-upon procedure, Rossignol's attorneys promptly reviewed Plaintiffs' supplemental discovery responses and determined that, although progress has been made toward resolving some of the issues raised in Rossignol's Motion to Compel, a number of outstanding issues remain. Thus, Rossignol's attorneys contacted Plaintiffs' counsel, Mr. Allen, on Monday, April 3, to discuss the outstanding issues.

  In particular, in view of Plaintiffs' supplemental discovery responses, the following issues were discussed with respect to Rossignol's Interrogatories 1, 3-7 and 10-13:

    1. <u>Interrogatory No. 1</u>. Rossignol maintains that Plaintiffs' supplemental response still fails at a minimum to identify which Rossignol products were analyzed at various times, and by whom. Additionally, the parties dispute Rossignol's entitlement to the full details of the various analyses, Rossignol contending that it is entitled to the information for the reasons explained in its Motion to Compel and Plaintiffs countering that Rossignol is not so entitled. Plaintiffs are in the process of producing a privilege log for several attorney files (which, by agreement, will not include attorney-client communications after the June 21, 2005 filing of the action).

**OLIFF & BERRIDGE, PLC**

ATTORNEYS AT LAW

The Honorable Joseph C. Spero
April 7, 2006
Page 2

2. Interrogatory No. 3. Rossignol requested that Plaintiffs look into whether there are any additional persons with knowledge of alleged conception, and to supplement Plaintiffs' response if there is. Mr. Allen confirmed that there are none. Mr. Allen represented that there appear to be no documents or things relating to the subject matter of this interrogatory; however, since a further search of stored records is to be made by Plaintiffs as discussed below, any documents or things discovered will be produced.

3. Interrogatory No. 4. Mr. Allen represented that there are no other persons with knowledge of alleged reduction to practice. Mr. Allen stated that there are no additional documents or things aside from the prototype referenced in the supplemental response. Rossignol requested that Mr. Allen try to obtain more specific contact information for Steve Grimby referenced in Plaintiffs' response (including a telephone number if available), but Mr. Allen indicated that no further information is available.

4. Interrogatory No. 5. Rossignol's attorneys pointed out that not all documents in the file of a prosecuting attorney are privileged (for example, and without limitation, factual information that is provided by an inventor to his patent attorney for inclusion in a patent application), and thus requested identification and production of any such non-privileged documents. Rossignol's attorneys also requested that Mr. Allen confirm that the files of "Mr. Sullivan," who is identified in Plaintiffs' supplemental response as an attorney who prepared a provisional patent application for Plaintiffs, and the law firm of Flanagan and Flanagan, which is identified on the provisional application, were searched for responsive documents. Mr. Allen indicated that he would ensure and confirm that all relevant documents and things in the possession of Plaintiffs' various attorneys, including without limitation Mr. Suyat, Mr. Sullivan, and Flanagan and Flanagan, have been or will be reviewed, that all of their relevant, non-privileged documents and things have been or will be produced, and that any of their documents and things withheld as privileged will be included on a privilege log.

5. Interrogatory No. 6. With respect to documents relating to prior art known to Plaintiffs, Rossignol's attorneys pointed out that certain documents, such as prior art search reports, may exist and that such documents would be responsive. Mr. Allen confirmed that he would check for any such documents and things and would produce them if they exist.

6. Interrogatory No. 7. Mr. Allen confirmed that the documents and things have been produced as they were kept in the normal course of business, and that all responsive documents and things have been produced.

**OLIFF & BERRIDGE, PLC**
ATTORNEYS AT LAW

The Honorable Joseph C. Spero
April 7, 2006
Page 3

7. <u>Interrogatory No. 10</u>. Mr. Allen confirmed that there are no documents or things responsive to this interrogatory. Rossignol requested that Plaintiffs identify persons with knowledge of Plaintiffs' interrogatory response. Mr. Allen has identified the Plaintiffs and their counsel, and objects to identification of expert witnesses at this time.

8. <u>Interrogatory No. 11</u>. Mr. Allen agreed to provide more specific contact information (including without limitation both addresses and telephone numbers), to the extent available, for Peter Kennedy and Chris Edmunds, who are referenced in Plaintiffs' response.

9. <u>Interrogatory No. 12</u>. With respect to alleged damages, Rossignol's attorneys questioned Plaintiffs' stated claim for lost profits in Plaintiffs' supplemental response. Rossignol's attorneys further explained that Plaintiffs could provide responsive information known to Plaintiffs now that would not require information from Rossignol (for example, Plaintiffs' claimed royalty rate and base, details relating to the criteria for any alleged lost profits, etc.). Mr. Allen indicated that he would discuss these issues further with his co-counsel, Mr. Slobodin, and has since done so. In light of the damage claim, Mr. Allen has agreed to review the Berger Enterprises, Inc. documents and things held in storage by Plaintiffs and to retrieve and produce documents and things that may pertain to damages allegations, including without limitation reasonable royalty and lost profits. Mr. Allen has not agreed, as requested by Rossignol, to provide in a supplemental interrogatory response the detailed bases for Plaintiffs' claim for alleged damages.

10. <u>Interrogatory No. 13</u>. Mr. Allen confirmed that his prior representation that two license agreements had been withheld from production was erroneous, and that all license agreements have been produced. Mr. Allen indicated that he was unsure whether there was a license agreement between Plaintiffs and K-2, as stated in Plaintiffs' supplemental response, and that he would check the accuracy of this response. Rossignol further requested that documents and things and persons with knowledge relating to license negotiations be identified, and Mr. Allen agreed to do so.

With respect to Rossignol's production requests, Rossignol's attorneys requested that Mr. Allen confirm that all potential sources of relevant documents and things (e.g., representatives of Plaintiffs, their attorneys (including without limitation Messrs. Suyat, Sullivan, and Flanagan and Flanagan) and licensees) have been contacted and that all responsive, non-privileged documents and things have been produced. Mr. Allen initially indicated that he believed this had been done, and that he would confirm that fact. However, Mr. Allen then confirmed in a telephone conference on April 6 that additional documents relating to, e.g., Plaintiffs' foreign counterpart



OLIFF & BERRIDGE, PLC

ATTORNEYS AT LAW

The Honorable Joseph C. Spero
April 7, 2006
Page 4

patents had been discovered and had not yet been (but will be) reviewed and produced. With respect to specific production requests, the following matters were discussed on April 3:

1. Requests Nos. 3 and 10-16. Mr. Allen agreed to produce a copy of the USPTO file that is referenced in Plaintiffs' supplemental responses. Mr. Allen also indicated that the "declaration of defendants [sic]" referenced in the supplemental responses to requests nos. 13-16 is the Declaration of Gilles Marmonier submitted in support of Rossignol's Motion for Summary Judgment filed on February 21, 2006. See also the discussion of Interrogatory 5 above relating to attorney files, which discussion also applies to these production requests.

2. Request No. 19. Rossignol pointed out that Plaintiffs' response has not been supplemented, but rather just repeated. Mr. Allen indicated that all documents and things (not limited to the issue of infringement as suggested by Plaintiffs' response) have been produced.

3. Request No. 20. Following further conference with co-counsel and his clients, Mr. Allen agreed to withdraw his objection to Berger Enterprises Inc. documents and things to the extent that they are relevant and non-privileged, and he will revisit Berger Enterprises storage to obtain such documents and things for production.

4. Requests Nos. 22, 23 and 25. Rossignol pointed out that Plaintiffs' supplemental responses to these requests, unlike Plaintiffs' other supplemental responses, state that only documents "in plaintiff's possession" have been produced. Mr. Allen stated that this was inadvertent, that no difference in meaning was intended, and that he would provide corrected supplemental responses removing the quoted phrase so as to confirm that all documents and things, from all sources, have been produced.

Mr. Allen indicated that Plaintiffs would provide the above-referenced additional documents, things and other information by Friday, April 21, 2006. Regarding Plaintiffs' log of privileged documents withheld from production, Mr. Allen confirmed that such a log was not provided on March 30, as previously promised. Mr. Allen thus indicated that he would prepare a privilege log and provide it to Rossignol by the same date, Friday, April 21, 2006. The parties have agreed that attorney-client communications and attorney work product after the June 21, 2005 filing of this lawsuit need not be included on the parties' privilege logs.

In view of Mr. Allen's representations on behalf of Plaintiffs that additional supplementation will be provided in view of the April 3 discussion, and the parties' ongoing efforts to resolve the issues set forth in Rossignol's Motion to Compel, the parties request an additional, short extension of time to provide a further report to the Court on any remaining

**OLIFF & BERRIDGE, PLC**
ATTORNEYS AT LAW

The Honorable Joseph C. Spero
April 7, 2006
Page 5

issues. In this regard, the attorneys for the parties will be together in San Francisco on April 14 for a hearing before Judge Breyer on Rossignol's pending motion for summary judgment, and will be prepared to meet and confer in person at that time to discuss any outstanding issues with respect to Rossignol's Motion to Compel (Mr. Allen having stated to Rossignol's attorneys that he was not able to come to their office this week for the proposed meeting). Following that discussion on April 14, and Plaintiffs' further supplementation of their written discovery responses and production of documents and things by April 21, the parties will submit a further report to the Court on Friday, April 28 with respect to any remaining issues.

The parties would appreciate Your Honor's consideration of their requested further extension of the joint reporting letter due date to April 28, 2006.

Respectfully submitted,

s/ Edward P. Walker
Edward P. Walker
OLIFF & BERRIDGE, PLC
Attorney for Defendant/Counterclaim Plaintiff
Rossignol Ski Company, Inc.

s/ Douglas B. Allen
Douglas B. Allen
BURNETT, BURNETT, & ALLEN
Attorney for Plaintiffs/Counterclaim Defendants

Dated: April 11, 2006



GRANTED
Judge Joseph C. Spero
UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA