United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RICHARD W. BERGER and BRANT W.
BERGER,

              Plaintiffs,

     v.

ROSSIGNOL SKI COMPANY, INC.,

              Defendant.
                               /

No. C 05-02523 CRB

**MEMORANDUM AND ORDER**

19
20
21
22
23
24
25
26
27
28

     Plaintiffs Richard W. Berger and Brant W. Berger bring this suit for patent

infringement against defendant Rossignol Ski Company.  Plaintiffs' complaint alleges that

certain snowboard bindings manufactured and sold by Rossignol Ski Company infringe

plaintiffs' U.S. Patent Nos. 5,913,530 (Filed June 16, 1997) and 6,196,569 (Filed April 23,

1999).

     Now before the Court is defendant's motion for summary judgment of

unenforceability, noninfringement, and invalidity.  Because plaintiff only asserts claims from

the '530 in their preliminary infringement contentions, only the '530 is in issue.  Also before

the Court is plaintiffs' cross motion for summary judgment of infringement and plaintiffs'

motion for leave to amend plaintiffs' preliminary infringement contentions to correct alleged

errors in infringement contentions for the '530 and to add infringement contentions for the '569.

The critical issue is whether plaintiffs have shown good cause for amending their infringement contentions. Because the Court concludes that plaintiffs have not, their motion to amend must be denied and defendant's motion for summary judgment of noninfringement of the '530 must be granted.

## BACKGROUND

### A. Pre-filing Background

Plaintiffs first contacted defendant regarding plaintiffs' invention in April 1998. At that time, plaintiffs advised defendant of plaintiffs' International PCT Publication No. WO 97/49464, and stated "the claimed subject matter of the PCT application presents an issue of potential infringement" with respect to a rotatable step-in binding that had recently been introduced by the "Rossignol Group," which included defendant. Plaintiffs sought a meeting with defendant to discuss a possible collaboration. Defendant responded that it did not infringe plaintiffs' patent rights and further that the claims of the PCT application could not be allowed by the United States Patent and Trademark Office over prior art; nonetheless, defendant agreed to meet with plaintiffs.

Plaintiffs met with defendant in July 1998, and provided defendant with some samples for consideration. In October 1998, defendant wrote Richard Berger and indicated defendant would not use plaintiffs' designs.

In March 1999, plaintiffs notified defendant that plaintiffs' pending patent application was allowed by the patent office and sought another meeting to discuss the situation. Defendant met with plaintiffs and, after reviewing plaintiffs' allowed claims, notified plaintiffs that defendant intended to continue with its own design.

Plaintiffs again wrote to defendant, alleging that defendant possibly infringes plaintiffs' patent and advising defendant to determine whether it needed a license. Defendant reiterated its belief that it did not infringe plaintiffs' patent and, along with sending plaintiffs

**United States District Court**
For the Northern District of California

1  a sample of its accused product, defendant provided a detailed explanation as to why

2  defendant's accused product did not infringe plaintiffs' patent.

3          Plaintiffs did not contact defendant again until after they filed this lawsuit in June

4  2005.

5  **B.      Post-filing Background**

6          This Court held a case management conference on November 18, 2005.  In

7  accordance with Patent Local Rules 3-1 and 3-2, plaintiffs' preliminary infringement

8  contentions were due 10 days after the conference.  Plaintiffs, however, failed to serve their

9  contentions, even after defendant repeatedly asked them to do so.  Only after defendant

10  moved to dismiss for failure to prosecute this action, or in the alternative to compel

11  production of plaintiffs' preliminary infringement contentions, did plaintiffs provide the

12  contentions.  These contentions were filed more than five weeks after they were due, and

13  then they only contained infringement contentions for one of the two patents in suit, and only

14  accused defendant of literal infringement.  As a result of plaintiffs' submission defendant

15  withdrew its motion to dismiss.

16          Based on these infringement contentions, defendant filed its invalidity contentions in

17  accordance with Patent Local Rule 3-3 on February 17, 2006.  Four days later defendant filed

18  its motion for summary judgment now before this Court.  At plaintiffs' request, the original

19  March 31 hearing date on the motion for summary judgment was continued to April 14.

20          Plaintiffs' new co-counsel of record, Mr. Slobodin, made an appearance as co-counsel

21  on March 14, 2006.  The next day plaintiffs moved to defer defendant's motion for summary

22  judgment to allow more time for discovery.  This Court issued an order on March 21, 2006

23  denying the motion to defer under Federal Rule of Civil Procedure Rule 56(f) because

24  plaintiffs failed to demonstrate how the information they sought would preclude summary

25  judgment and plaintiffs failed to demonstrate that they exercised due diligence in seeking

26  discovery.  In fact, plaintiffs had not sought to take any discovery in the four months

27  following the case management conference.

28

3

**United States District Court**

For the Northern District of California

1    After the Court denied plaintiffs' motion to defer, plaintiffs notified defendant that

2 they wished to amend their preliminary infringement contentions.  As defendant refused to

3 consent to the proposed amendments, plaintiffs filed a motion to amend.

4                                          **DISCUSSION**

5    Defendant moves for summary judgment of noninfringement of the '530 based on

6 plaintiffs' preliminary infringement contentions.  Plaintiffs do not seriously contest that their

7 contentions establish noninfringement; instead, they now assert that the preliminary

8 infringement contentions were in error and they seek leave to amend the contentions.

9 Defendant opposes granting leave to amend, and argues that even under plaintiffs' revised

10 infringement contentions summary judgment is required.

11 **A.     Amending Preliminary Infringement Contentions**

12    Patent Local Rule 3-7 allows parties to amend their preliminary or final infringement

13 contentions, "other than expressly permitted in Patent L.R. 3-6 . . . by order of the Court,

14 which shall be entered only upon a showing of good cause."  Patent L.R. 3-7.  Patent Local

15 Rule 3-6 permits parties to amend their preliminary infringement contentions within 30 days

16 after service of the Court's Claim Construction Ruling if the party in good faith believes that

17 the ruling requires amendment.  Patent L.R. 3-6.  Because plaintiffs seek to amend outside

18 the context of a claim construction hearing they must show "good cause."  See Patent L.R.

19 3-6, 3-7.  A determination of whether good cause has been established is within the sound

20 discretion of the trial court.  See MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon

21 Corp., 420 F.3d 1369, 1380 n.5 (Fed. Cir. 2005).

22    Although federal courts are generally lenient in allowing parties to amend pleadings,

23 such is not the case with amending preliminary infringement contentions.  See LG

24 Electronics, Inc. v. Q-Lily Computer, Inc., 211 F.R.D. 360, 367 (N.D. Cal. 2002).   The

25 patent rules are designed to avoid "vexatious shuffling of positions" that could occur if the

26 parties are permitted to freely modify their infringement contentions at any point in the

27 action.  JSR Corp. v. Tokyo Ohka Kogyo Co., 2001 U.S. Dist. LEXIS 24959 *18 (N.D. Cal.

28 Sep. 13, 2001).  In LG Electronics the court stated:

4

United States District Court

For the Northern District of California

> The patent local rules were adopted by this district in order to give claim charts more "bite."  The rules are designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed. . . . Unlike the liberal policy for amending pleadings, the philosophy behind amending claim charts is decidedly conservative, and designed to prevent the "shifting sands" approach to claim construction.

Id. at 367 (quoting Atmel Corp. v. Information Storage Devices, Inc., 1998 U.S. Dist. LEXIS 17564 (N.D. Cal. 1998)).  Since Atmel, the Patent Local Rules have been amended to add Patent Local Rule 3-6, which permits amending infringement contentions after a claim construction ruling.  Commenting on the addition of L.R. 3-6, the court in LG Electronics stated: "[a]lthough the Patent Local Rules have since been amended to make it somewhat easier to amend claim charts, the general philosophy behind the Patent Local Rules remains as stated in Atmel."  Id.  This Court agrees that the Patent Local Rule's "good cause" standard remains more conservative than the lenient standard for amending pleadings.

Plaintiffs rely on the declaration of their counsel, Mr. Allen, to establish grounds for amendment.  Mr. Allen declares: "I believe I made errors in the preliminary contentions.  The infringement contentions were belated in their production due to having to obtain information from distant locations around this and other states, and in reviewing this information, I neglected to include any claims from the '530 Patent."  Allen Declaration, Docket 52, ¶ 3.  Mr. Allen also claims that he qualified his preliminary infringement contentions with the statement that they were "subject to revision by plaintiffs based on additional discovery, evaluation, investigation and/or research."  Id. at ¶ 4.  Finally, Mr. Allen states: "[f]ollowing a defense filing of a 'Motion for Summary Judgment', the plaintiffs' retention of additional experienced counsel in the area of patent litigation and further '. . . discovery, evaluation, investigation and/or research . . .', which included evaluation of the physical binding submitted to plaintiffs' counsel through a mutual exchange of the physical bindings between my office and the office of Mr. O'Meara, it became apparent that revision of the preliminary infringement contentions and disclosure of asserted claims needed to be submitted."  Id.

 Mr. Allen's declaration does not establish "good cause."  First, plaintiffs offer no explanation as to why the "errors" were made in the first place, and, in particular, how they

1  could have "mistakenly" omitted any contentions as to the '569.        Mr. Allen's claim that

2  the contentions were late because they had to obtain information "from distant locations

3  around this and other states" does not explain the errors, and, in any event, also does not

4  adequately explain the delay.  Mr. Allen does not identify what information plaintiffs needed

5  to gather; nor does he explain how that information was used in the contentions.  This

6  omission is especially glaring given that plaintiffs first accused defendant of infringement

7  more than seven years ago.  And they filed this lawsuit in June 2005.  Plaintiffs have had

8  more than adequate time to develop their infringement contentions.

9        Second, plaintiffs' assertion that they "qualified" their contentions by stating that they

10  were subject to revision is immaterial; a party cannot unilaterally amend the Patent Local

11  Rules.

12        Third, plaintiffs did not diligently seek to amend their contentions.  Plaintiffs should

13  have become aware of the alleged errors, and in particular, the omission of any contentions

14  as to the '569, when defendant served its preliminary invalidity contentions; yet, plaintiffs

15  did not notify defendant or the Court of any alleged errors at that time.  Even if plaintiffs

16  only became aware of the alleged errors after defendant filed its summary judgment motion,

17  plaintiffs still did not notify the Court or defendant of any errors; instead, plaintiffs sought

18  leave to amend their contentions only after unsuccessfully moving the Court to continue the

19  summary judgment motion on the ground that they needed to take discovery.  Their Rule

20  56(f) motion made no mention of any alleged errors.  This sequence of events suggests that

21  the motion to amend is a last-ditch effort to stave off summary judgment rather than a motion

22  based on an honest mistake.

23        Fourth, the addition of co-counsel is not good cause.  To hold otherwise would mean

24  that a party could avoid the Local Rules simply by adding a lawyer to the pleadings.

25  Moreover, plaintiffs offer no explanation for why co-counsel was not brought into the case

26  earlier, especially since plaintiffs admit that they were conferring with Mr. Slobodin as early

27  as November 2004.

28

1    Finally, defendant would be prejudiced if the Court were to grant plaintiffs' motion

2  for leave to amend. Defendant has relied on plaintiffs' preliminary infringement contentions

3  for the past three months. Based on these contentions, defendant incurred substantial costs in

4  creating its preliminary invalidity contentions and the costs associated with preparing their

5  motion for summary judgment. Moreover, permitting amendment will further delay

6  resolution of this case, which has already been delayed due to plaintiffs' unwillingness to

7  comply with the Local Rules.

8    Plaintiffs' reliance on ZiLog, Inc. v. Quicklogic Corp., 2006 U.S. DIST. Lexis 12844

9  (N.D. Cal. March 6, 2006) is misplaced. In ZiLog, the district court granted a motion to

10  amend preliminary infringement contentions under the "good cause" standard where

11  "effectively" three months had passed since plaintiffs had served the preliminary

12  infringement contentions. Id. at *2. In fact, eight days after the preliminary infringement

13  contentions were served the action was stayed. Id. Over the next year and a half, the patent

14  office reexamined and invalidated several claims in the suit and the plaintiff had appealed the

15  patent office's decision to the Board of Patent Appeals and Interference, which was still

16  pending at the time of the motion to amend. Id. Plaintiff moved to lift the stay and *at the*

17  *same time* provided notice in the parties' Joint Case Management Statement that it sought to

18  amend its preliminary infringement contentions. Id. Referencing its prior notice, plaintiff

19  filed their motion to amend two months later. Id. Defendant had not filed a summary

20  judgment motion or even filed preliminary invalidity contentions at the time of the motion to

21  amend. See id. Thus, because the action was stayed during part of the delay, because

22  plaintiff provided timely notice to defendant in relation to the timing of the motion to lift the

23  stay, because plaintiff sought to amend based not on its own error but on the result of PTO

24  reexamination, and because the defendants would not be prejudiced, the court granted leave

25  to amend.

26    Unlike in ZiLog, plaintiffs here failed to promptly amend their preliminary

27  infringement contentions. Waiting one month after defendant filed its motion for summary

28  judgment, on top of the two months since serving their infringement contentions, on top of

United States District Court
For the Northern District of California

7

filing the preliminary infringement contentions more than five weeks late, does not amount to

promptly seeking to amend.  Further, unlike ZiLog, plaintiffs fail to assert any of the

common factors that reasonably contribute to a finding of "good cause."  Plaintiffs fail to

provide any explanation for the original error or why it took nearly three months to discover

and seek to correct the error.  This delay suggests that the omission of any contentions as to

the '569 and the contentions as to the '530 were not "errors," but were instead a deliberate

strategic course which plaintiffs now wish to change.

In any event, giving plaintiffs the benefit of the doubt, the most they have established

is that their counsel (who is still counsel of record) mishandled this case.  Carelessness or

mere errors, however, are insufficient to establish good cause.  See Johnson v. Mammoth

Recreations, 975 F.2d 604, 609 (9th Cir. 1992)(holding that carelessness does not amount to

"good cause" in the context of Federal Rule of Civil Procedure Rule 16(b)).

Because plaintiffs have failed to establish "good cause" to amend their preliminary

infringement contentions, plaintiffs' motion for leave to amend must be denied.  Even if

plaintiffs were found to have promptly sought leave to amend they still fail to satisfy this

district's good cause standard as they have not provided any justification for the amendment,

other than mere error.  In fact, plaintiffs offer so little explanation that to permit amendment

here would render the "good cause" requirement meaningless.

**B.    Noninfringement**

Having denied plaintiffs' motion to amend their preliminary infringement contentions

the Court turns to the issue of literal infringement.

To determine infringement, the asserted claim must be compared to the allegedly

infringing device.  Markman v. Westview Instruments, Inc., 52 F.3d 967, 976 (Fed. Cir.

1995).  For a device to literally infringe a patent, every claim limitation, or claim element,

must be found in the device.  Warner-Jenkinson Co. v. Hilton Davis Chemical Co., 520 U.S.

17, 29, 40 (1997).  Thus, establishing that the accused device does not satisfy one claim

limitation requires a finding of noninfringement.  Id.; see also  Mas-Hamilton Group v.

**United States District Court**

For the Northern District of California

8

**United States District Court**

For the Northern District of California

1  LaGard, Inc., 156 F.3d 1206, 1211 (Fed. Cir. 1998) ("If even one limitation is missing or not

2  met as claimed, there is no literal infringement.").

3      Claim 1 of the '530 provides:

4      1. A binding, comprising:

5      a boot comprising an upper attachment,

6      a lower attachment connectable to a board,

7      a coupler attached to one of said upper and lower attachments, and

8      a coupling mount attached to the other of said upper attachments, the coupling
       mount and the coupler being configured to automatically engage with each
9      other to lock the upper attachment to the lower attachment when a user wearing
       the boot steps onto the lower attachment and to permit *rotation of the upper*
10     *attachment relative to the lower attachment* when the upper attachment is
       locked to the lower attachment without release of said upper attachment from
11     said lower attachment.

12
       Claim 1 requires, among other things, "rotation of the upper attachment relative to the
13
    lower attachment." '530 Patent, col. 10:31-32. Plaintiffs' original infringement contentions
14
    and supporting illustrations label "plate 3" as the "upper attachment" satisfying the "a boot
15
    comprising an upper attachment" limitation of claim 1 of the '530 Patent. Plaintiffs label
16
    "5B, 4, 17 connectable to board 2" as the "lower attachment" satisfying the "a lower
17
    attachment connectable to the board" claim limitation, although plaintiffs' illustrations
18
    accompanying their infringement contentions do not identify anything on the accused device
19
    as "17." In any event, it is undisputed that plate 3--the upper attachment--does not rotate
20
    *relative* to what plaintiffs' identify as the lower attachment; rather, the upper attachment
21
    rotates *with* the lower attachment. Accordingly, under plaintiffs' infringement contentions
22
    defendant's accused device does not read on at least one limitation of claim 1 of the '530 and
23
    therefore does not infringe as a matter of law. Further, because all asserted claims other than
24
    claim 1 are dependent claims of claim 1, the accused device infringes no other claims of the
25
    '530 Patent.
26
       Plaintiffs all but admit noninfringement based on their original infringement
27
    contentions. Plaintiffs state:
28

9

**United States District Court**

For the Northern District of California

> Defendant's noninfringement argument that accused binding is "missing the 'rotation of the upper attachment relative to the lower attachment' limitation," . . . is based on an error in Plaintiff[s'] preliminary claim chart.  In that regard, Plaintiff[s'] original claim chart erroneously stated that the rotatable base 4, or coupler base, is part of the lower attachment.  Plaintiffs' referring to the rotatable base, or coupler base, as part of the lower attachment was an error.  The rotatable base, our coupler base, is not part of the lower attachment.  Under the correct infringement contention, where the coupler base is not part of the lower attachment, the "rotation [o]f the upper attachment relative to the lower attachment limitation" is fulfilled.

Plaintiffs' Opposition to Motion for Summary judgment, 11.  Plaintiffs make no other representation regarding infringement based upon the original infringement contentions; indeed, at oral argument they merely asserted that their original infringement contention is "absurd."  As the Court has ruled above, however, plaintiffs have not demonstrated good cause for amending their contentions.

Because it is undisputed that defendant's device does not read on at least one limitation of claim 1 of the '530, defendant's motion for summary judgment of noninfringement of the '530 must be granted and plaintiffs' motion for summary judgment of infringement of the '530 must be denied.

### CONCLUSION

The Patent Local Rules are designed to prevent exactly what plaintiffs are attempting to do here: alter their infringement theory after it became apparent that they were going to lose.  As plaintiffs have not shown good cause for amending their preliminary infringement contentions, their motion to amend those contentions is DENIED and defendant's motion for summary judgment of noninfringement of the '530 is GRANTED.  Because the Court concludes that defendant's device does not infringe as a matter of law, the Court need not and does not address defendant's claim of invalidity.  See Boss Control, Inc. v. Bombardier Inc., 410 F.3d 1372, 1374 (Fed. Cir. 2005).  The Court also need not and does not address defendant's equitable estoppel argument.  As the '530 is the only patent now at issue in this lawsuit, judgment will be entered in favor of defendant.

**IT IS SO ORDERED.**

Dated: April 25, 2006

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE

G:\CRBALL\2005\2523\memoandorderresj.wpd                    10

**United States District Court**

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28