IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD W. BERGER and BRANT W. BERGER,<br><br>  Plaintiffs,<br><br>  v.<br><br>ROSSIGNOL SKI COMPANY, INC.,<br><br>  Defendant.<br>_____/ | No. C 05-2523 CRB<br><br>**ORDER DENYING MOTION TO VACATE AND DISMISSING COUNTERCLAIMS AS MOOT** |

     By Memorandum and Order filed April 25, 2006, the Court granted defendant's motion for summary judgment of non-infringement and entered judgment against plaintiffs. Now pending before the Court is plaintiffs' motion to vacate the judgment pursuant to Federal Rule of Civil Procedure 60(b). After carefully considering the papers filed by the parties, the Court concludes that oral argument is unnecessary, see Local Rule 7-1(b), and DENIES plaintiffs' motion.

     Plaintiffs have not persuaded the Court that it committed "clear error" within the meaning of Rule 60(b)(6). See Gagan v. Sharar, 376 F.3d 987, 992 (9th Cir. 2004). First, the Court was not mistaken that plaintiffs had identified 5B, 17 *and* 4 as the lower attachment. Plaintiffs' infringement contentions describe "a lower attachment connectable to a board" as "5B, 4, 17 connectable to board 2." This disclosure cannot reasonably be read as 5B, *or* 17, *or* 4. And the disclosure of all three components as the "lower attachment" in claim 1 is

1  consistent with the fact that disc 5B holds components 4 and 17 to the snowboard.

2  Moreover, prior to their motion to vacate, plaintiffs have never argued that their
disclosures did not identify 5B, 4 and 17 together as the lower attachment in claim 1, or even
that there was any ambiguity in their contentions.  A court does not commit clear error by
failing to consider an argument that the movant never made.  See Glavor v. Shearson
Lehman Hutton, Inc., 879 F.Supp. 1028, 1033 (N.D. Cal. 1994) (citing Backlund v. Barnhart,
778 F.2d 1386, 1388 (9th Cir. 1985));  see also Keenan v. Allen, 91 F.3d 1275, 1279 (9th
Cir. 1996) (holding that it is not the district court's task "to scour the record in search of a
genuine issue of triable fact;" courts "rely on the nonmoving party to identify with reasonable
particularity the evidence that precludes summary judgment") (internal quotation marks and
citation omitted).  Indeed, far from arguing that their infringement contentions could be read
as not including component 4 as part of the lower attachment, plaintiffs admitted that their
"original claim chart erroneously stated that the rotatable base 4, or coupler base, is part of
the lower attachment."  Plaintiffs' Opposition to Motion for Summary Judgment at 11.

Second, the Court did not commit clear error in finding that plaintiffs had not shown
good cause for amending their contentions.  Plaintiffs' assertion that their error was a
"minor" mistake rather than a deliberate choice is belied by their conduct.  If the disclosure
was indeed a minor mistake, a mere typographical error as plaintiffs imply, they should have
been aware of the mistake at the latest when defendants moved for summary judgment.  Once
aware of the mistake, they should have immediately moved for leave to amend their
infringement contentions.  They did not; instead, they filed a Rule 56(f) motion to continue
the summary judgment motion claiming they needed discovery to defeat the motion.  They
made no mention whatsoever of any errors in their preliminary infringement contentions.

Their "minor mistake" argument is also inconsistent with the declaration of their
counsel, Douglas Allen, submitted in support of their belated motion to amend their
infringement contentions.  He explains: "[f]ollowing a defense filing of a 'Motion for
Summary Judgment', the plaintiffs' retention of additional experienced counsel in the area of
patent litigation and further '. . . discovery, evaluation, investigation and/or research . . .',

2

1  which included evaluation of the physical binding submitted to plaintiffs' counsel through a
2  mutual exchange of the physical bindings between my office and the office of Mr. O'Meara,
3  it became apparent that revision of the preliminary infringement contentions and disclosure
4  of asserted claims needed to be submitted." Docket No. 52, Declaration of Douglas Allen,
5  ¶ 4.  This statement is an admission that plaintiffs did not realize their contentions were "in
6  error" until after they conducted additional "discovery, evaluation, investigation and/or
7  research;" in other words, the description of the lower attachment as encompassing
8  components, 5B, 4 and 17 was not a mistake, but rather a deliberate decision that they did not
9  decide to change until after engaging in further inquiry.

10     Plaintiffs' attempt to explain their delay by stating that they believed they could
11  amend without leave of court after claim construction is unreasonable and unpersuasive.  The
12  Patent Local Rules provide that a party may amend its preliminary infringement contentions
13  without leave of court within 30 days of receiving the court's claim construction order *only if*
14  the party believes in good faith that the claim construction ruling or the documents served
15  with preliminary invalidity contentions require amendment. Patent Local Rule 3-6(a).
16  Neither of those exceptions applies to the circumstances alleged by plaintiffs.  The Rules are
17  clear that absent those two exceptions a party must show good cause for amendment.  Patent
18  Local Rule 3-7.

19     Finally, that plaintiffs' counsel telephoned defense counsel after plaintiffs filed their
20  Rule 56(f) motion (but before the Court ruled) to advise counsel that plaintiffs wanted to
21  move to amend their preliminary infringement contentions does not make the Court's
22  findings erroneous.  The telephone call does not dispute that plaintiffs did not indicate that
23  they wanted to amend their preliminary infringement contentions until after filing a Rule
24  56(f) motion that did not mention any purported mistake.  Nor does it dispute that they did
25  not file a motion to amend their contentions until after this Court denied their Rule 56(f)
26  motion.  Moreover, counsel's declaration as to the telephone call does not indicate that
27  counsel advised defense counsel that plaintiffs wanted to amend their contentions to correct a
28

3

mistake with respect to the "lower attachment" limitation.  <u>See</u> Plaintiffs' Motion to Vacate at 12.

Nor have plaintiffs persuaded the Court that the judgment should be vacated because of counsel's "excusable neglect." Fed. R. Civ. P. 60(b)(1). The determination of whether a party has shown excusable neglect is an equitable one, taking into account all the circumstances, including prejudice to the nonmoving party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, and whether the movant acted in good faith.  <u>See</u> <u>Briones v. Riviera Hotel & Casino</u>, 116 F.3d 379, 381 (9th Cir. 1997) (citing <u>Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. Partnership</u>, 507 U.S. 380 (1993)).  As the Court's findings in its April 25, 2006 Memorandum and Order and this Order demonstrate, all of these factors militate against a finding of excusable neglect.  It bears repeating that plaintiffs' assertion of an "inadvertent" mistake is contradicted by the sequence of events as well as the declaration of their own counsel.  At the time plaintiffs moved to amend, counsel declared that it did not become apparent that the contentions needed to be amended until after plaintiffs received defendants' motion for summary judgment *and* retained additional counsel *and* conducted further discovery, investigation and/or research, including evaluation of the physical binding.  Allen Decl. ¶ 4.  In other words, only after they realized their original theory of infringement would fail did they decide that they needed to amend their contentions.  Such conduct is not excusable neglect.

Plaintiffs' other arguments do not merit discussion.  Plaintiffs' motion to vacate is DENIED.  As the Court held that defendant's device does not infringe as a matter of law, defendant's invalidity and equitable estoppel counterclaims are dismissed as MOOT.

**IT IS SO ORDERED.**

Dated: July 16, 2006

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

4